UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AVRAHAM FEDER on behalf of himself and
all other similarly situated consumers

**CV 12 - 2859**

Plaintiff,

-against-

LTD FINANCIAL SERVICES, LP

Defendant.

GARAUFIS, J. **FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

J. ORENSTEIN, M.J. ★ JUN - 6 2012 ★

BROOKLYN OFFICE

## CLASS ACTION COMPLAINT

NO SUMMONS ISSUED

### *Introduction*

1.   Plaintiff Avraham Feder seeks redress for the illegal practices of LTD Financial

Services, LP in which they unlawfully engaged in the collection of consumer debts in

violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.*

("FDCPA").

### *Parties*

2.   Plaintiff is a citizen of the State of New York who resides within this District.

3.   Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA.

4.   The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer

debt.

5.   Upon information and belief, Defendant's principal place of business is located within Houston, Texas.

6.   Defendant is regularly engaged upon, for profit, in the collection of allegedly owed consumer debts.

7.   Defendant is a "debt collector" as specifically defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8.   This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as the acts and transactions that give rise to this instant action occurred, in substantial part, within this District.

### *Allegations Particular to Avraham Feder*

10.  Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11.  Within the one year immediately preceding this action, the Defendant left many messages on the Plaintiff's answering machine on numerous occasions.

12.  The callers failed to identify themselves as debt collectors attempting to collect a debt.

13.  Upon information and belief, the said messages were either pre-scripted or pre-recorded.

14.  Defendant has engaged in a pattern of leaving messages without disclosing that the communication is from a debt collector.

5.  Upon information and belief, Defendant's principal place of business is located within Houston, Texas.

6.  Defendant is regularly engaged upon, for profit, in the collection of allegedly owed consumer debts.

7.  Defendant is a "debt collector" as specifically defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

8.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as the acts and transactions that give rise to this instant action occurred, in substantial part, within this District.

### Allegations Particular to Avraham Feder

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. Within the one year immediately preceding this action, the Defendant left many messages on the Plaintiff's answering machine on numerous occasions.

12. The callers failed to identify themselves as debt collectors attempting to collect a debt.

13. Upon information and belief, the said messages were either pre-scripted or pre-recorded.

14. Defendant has engaged in a pattern of leaving messages without disclosing that the communication is from a debt collector.

-2-

15.   The said telephone messages are in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for failing to indicate that the messages were from a debt collector which constitutes a deceptive practice.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

16.   Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through fifteen (15) as if set forth fully in this cause of action.

17.   This cause of action is brought on behalf of plaintiff and the members of a class.

18.   The Class consists of all persons: (a) whom Defendant's records reflect resided within the State of New York who received telephonic messages from defendant within one year prior to the date of the within complaint up to and including the date of the filing of this Complaint; (b) involving telephone messages which were placed without setting forth that the communication was from a debt collector; and (c) that the telephone messages were in violation of 15 U.S.C. 1692 §§ 1692e(10) and 1692e(11).

19.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (a)   Based on the fact that telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    (b)   There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members.  The

-3-

principal question presented by this claim is whether the Defendant violated the FDCPA.

(c)     The only individual issue involves the identification of the consumers who received such telephonic messages (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d)     The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e)     The plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

20.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the best interest(s) of judicial economy.

21.     If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

-4-

22. Telephonic messages such as those left by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

23. The Defendant's actions as set forth above in the within complaint violate the Fair Debt Collection Practices Act.

24. Defendant's violation of the Fair Debt Collection Practices Act entitles the members of the class to damages in accordance with the Fair Debt Collection Practices Act.

**WHEREFORE**, Plaintiff, respectfully requests that this Court enter a judgment in Plaintiff's favor as against the defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k); and

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
May 25, 2012

Hashim Rahman, Esq.
Maxim Maximov, Esq.
Maxim Maximov, LLP
**Attorney for the Plaintiff**
1600 Avenue M, 2nd Floor
Brooklyn, NY 11230
Office: (718) 395-3459
Facsimile: (718) 408-9570
E-mail: mmaximov@mmaximov.com

Plaintiff requests trial by jury on all issues so triable.

Hashim Rahman, Esq.
Maxim Maximov, Esq.

-5-